UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARLDEN TROTTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:13-CV-1636-JCH |
|  | ) |  |
| WALTER LAWSON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] and second amended complaint [Doc. #9]. For the reasons stated below, the Court will grant plaintiff in forma pauperis status and assess an initial partial filing fee of $97.46. In addition, the Court will (1) dismiss defendant Steve Larkins; (2) dismiss plaintiff's official-capacity claims against all defendants; and (3) order the Clerk of Court to issue process on the second amended complaint as to all remaining defendants in their individual capacities.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $83.00 and an average monthly balance of $487.28. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $97.46, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.  *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Second Amended Complaint

Plaintiff, an inmate at the Jefferson City Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that took place at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). Named as defendants are Steve Larkins (ERDCC Superintendent) and ERDCC correctional officers Walter Lawson, Stephen McGee, Scott McFarland, David L. Shipley, Bobby Currington, and Robert Thebeau. Plaintiff alleges that he was brutally attacked on February 7, 2010, and was denied prompt medical attention for his serious injuries. Plaintiff is suing defendants in both their individual and official capacities.

## Discussion

### I. Official Capacity Claims

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the second amended complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all named defendants in their official capacities.

### II. Individual Capacity Claims

#### A. Claims against defendants Walter Lawson, Stephen McGee, Scott McFarland, David L. Shipley, Bobby Currington, and Robert Thebeau

Plaintiff alleges that, following "an altercation with an officer Thomas"[1] on or about February 7, 2010, defendants Walter Lawson, Stephen McGee, Scott McFarland, David L. Shipley, Bobby Currington, and Robert Thebeau repeatedly "maliciously and sadistically" attacked him while he was handcuffed, thereby resulting in serious physical and emotional injuries for which he was initially denied medical care. Plaintiff's 42 U.S.C. § 1983 allegations against defendants Lawson, McGee, McFarland, Shipley, Currington, and Thebeau in their individual capacities state a claim for Eighth Amendment violations, and therefore, the Court will order process to issue against said defendants.

---

[1] Officer Thomas is not a named defendant in this action.

### B. Defendant Steve Larkins

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant case, plaintiff claims that Larkins "fail[ed] to correct [defendants'] misconduct," and thereby encouraged "the continuation of the misconduct and withholding [of video] footage [of the assaults]." Because plaintiff does not set forth any facts indicating that Steve Larkins was directly involved in or personally responsible for the incidents that caused him injury, the Court will dismiss this action as to defendant Larkins. *See* 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $97.46 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the second amended complaint [Doc. #9] as to defendants Walter Lawson, Stephen McGee, Scott McFarland, David L. Shipley, Bobby Currington, and Robert Thebeau in their individual capacities only.

**IT IS FURTHER ORDERED** that defendants Walter Lawson, Stephen McGee, Scott McFarland, David L. Shipley, Bobby Currington, and Robert Thebeau, in their individual capacities, shall reply to the second amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure. *See* 42 U.S.C. § 1997e(g)(2).

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against all defendants are **DISMISSED** without prejudice. *See* 42 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Steve Larkins, the Clerk shall not cause process to issue on the second amended complaint, because it is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (prisoner actions-standard).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of December, 2013.

        **/s/ Jean C. Hamilton**
        **UNITED STATES DISTRICT JUDGE**