UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARLDEN TROTTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-1636-JCH |
| | ) | |
| v. | ) | |
| | ) | |
| WALTER LAWSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' AMENDED TRIAL BRIEF

Defendants William Thomas, Walter Lawson, Stephen McGee, David Shipley, Scott McFarland, Bobby Currington, and Robert Thebeau ("Defendants"), by and through their undersigned counsel, submit their Trial Brief.

### I. Factual Background

Plaintiff was an inmate incarcerated in the Missouri Department of Corrections ("MDOC") serving concurrent sentences for robbery in the first degree, armed criminal action, and theft of a motor vehicle. During February 2010, Plaintiff was incarcerated at the Eastern Reception, Diagnostic, and Correctional Center ("ERDCC") in Bonne Terre, Missouri, and was assigned to work in the kitchen.

At approximately 6:20 a.m. on February 7, 2010, Plaintiff got into an argument with Corrections Officer William Thomas in the "C" dining area at

ERDCC over whether Plaintiff was permitted to be in the area. Plaintiff became combative and insubordinate with Officer Thomas, and when Officer Thomas instructed Plaintiff to submit to wrist restraints, Plaintiff began repeatedly striking Officer Thomas about the head, nose, eyes, and mouth. Officer Thomas radioed for assistance, and Defendants and other officers were dispatched to the scene.

Plaintiff alleges that when Defendants and other officers arrived on the scene, they cleared the area of offenders and proceeded to assault Plaintiff. Plaintiff alleges he was assaulted in the kitchen area where he attacked Officer Thomas, and that he was assaulted further in the medical area and in administrative segregation where he was taken thereafter. In addition, Plaintiff asserts Defendants denied him access to medical care immediately after the assault. Defendants each deny that they assaulted Plaintiff in any way and assert that medical care was provided to him immediately after his altercation with Officer Thomas.

## II.     Factual Issues

The primary factual issue to be decided at trial is whether or not Defendants assaulted Plaintiff as he alleges. Defendants deny that they assaulted Plaintiff in any way.

## III.  Legal Issues

The primary legal issue will be whether Defendants violated Plaintiff's rights under the Eighth Amendment against cruel and unusual punishment. It will be undisputed that Defendants used some force in restraining Plaintiff after he assaulted Officer Thomas. The question will be "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

>Respectfully submitted,
>
>JOSHUA D. HAWLEY,
>Attorney General
>
>
>    /s/ *Robert J. Isaacson*
>Robert J. Isaacson, #38361
>Assistant Attorney General
>Post Office Box 861
>St. Louis, MO  63188
>Tel: (314) 340-7861
>Fax: (314) 340-7029
>
>*Attorneys for Defendants Thomas, Lawson, Shipley, McGee, McFarland, Currington, and Thebeau*

3

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 27, 2018, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record:

                                      /s/ *Robert J. Isaacson*
                                    Assistant Attorney General