UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARLDEN TROTTER,                          )
                                          )
         Plaintiff,                       )
                                          )
    vs.                                   )        Case No. 4:13CV1636 JCH
                                          )
BOBBY CURRINGTON, et al.,                 )
                                          )
         Defendants.                      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Carlden Trotter's Motion for Entry of Default

Judgment, filed January 23, 2019.  (ECF No. 248).  By way of background, Plaintiff filed his Third

Amended Complaint in this matter against several Defendants on October 27, 2016.  With respect to

Defendant McFarland, Plaintiff alleged that on February 7, 2010, Defendant McFarland utilized

excessive force against Plaintiff, and demonstrated deliberate indifference to Plaintiff's need for

medical treatment.

On November 6, 2018, defense counsel Robert J. Isaacson filed a Motion to Withdraw as

Counsel for Defendant Scott McFarland.  In his motion, Mr. Isaacson informed the Court that Mr.

McFarland no longer worked for the Missouri Department of Corrections at the time the instant

suit was filed.  Counsel further informed the Court that although Mr. McFarland initially agreed to

representation from the Missouri Attorney General's Office, he had been uncooperative since the

Eighth Circuit Court of Appeals remanded the case.  In response to defense counsel's motion,

Plaintiff stated that Mr. McFarland failed to attend his properly noticed deposition on October 25, 2018.[1]

Pursuant to a telephone conference held on November 26, 2018, the Court ordered Mr. McFarland to attend a deposition on Monday, December 3, 2018. The Court noted that Mr. McFarland's failure to attend might result in the imposition of sanctions, up to and including the striking of his pleadings.

Defendant McFarland did not attend the December 3, 2018, deposition. Therefore, in an Order entered January 9, 2019, the Court ordered Defendant Scott McFarland's Answer to Plaintiff's Third Amended Complaint stricken from the record. The Court further ordered Plaintiff to file appropriate motions for entry of default and for default judgment, as well as proposed orders, for the Court's consideration. Plaintiff filed the requested motions on January 23, 2019, and the Clerk of Court entered default against Defendant McFarland on January 24, 2019.

As stated above, Plaintiff filed the instant Motion for Entry of Default Judgment on January 23, 2019. (ECF No. 248). The Court held a hearing on Plaintiff's motion on March 13, 2019.[2] The parties have now been afforded a full and fair opportunity to submit evidence on the issue of monetary relief, and so the Court may determine the relief to which Plaintiff is entitled pursuant to Fed.R.Civ.P. 55(b)(2).[2] *See Taylor v. City of Baldwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)) ("'[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from

---

[1] Mr. McFarland also failed to attend a subsequently scheduled deposition on November 9, 2018.
[2] Mr. McFarland did not appear at the hearing.
[2] Because the Clerk has entered default against Defendant McFarland, he has "no further standing to contest the factual allegations of plaintiff's claim for relief." *Taylor*, 859 F.2d at 1333 n.7 (internal quotations and citations omitted). Instead, the "allegations of the complaint except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (internal quotations and citations omitted).

facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly'"). Therefore, upon careful consideration of the record before it, the Court will now award Plaintiff damages against Defendant McFarland, in the amount of $1,000.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment (ECF No. 248) is **GRANTED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages against Defendant McFarland, in the amount of $1,000.00.

Dated this 16th Day of April, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE